WILLIAM MITHOFF *v.* DANIEL S. DEWEES and JOHN SLIDELL.

A judgment requiring a Sheriff to make a deed in conformity to his adjudication, rendered on a rule taken against the Sheriff for that purpose, and not appealed from within the time allowed by law, is final and irrevocable, and a deed made in obedience to the order, will prevail against a seizure of the property made previous to its execution.

Where a party shows a judgment of a court of competent jurisdiction, an execution issued thereon, and a Sheriff's deed to the property made under that execution, the presumption of law is, that the proceedings have been legally conducted.

In attachment proceedings, notice posted either at the door of the courthouse or of the parish church, stands in the place of citation—if this formality is omitted, it is fatal. But where the objection is set up by one who is not a party to the proceedings, in order to avail himself of the objection, he must prove that this essential formality was omitted, although such proof involves a negative.

Formerly, the First District Court of Louisiana, held its sessions in the parish of Orleans, and its jurisdiction extended over the parish of Jefferson. The Sheriff of the parish of Orleans could not legally serve process out of the limits of his parish—process in the parish of Jefferson was served by the Sheriff of that parish. But where an attachment issued from the First District Court of Louisiana, although it could only have been levied on property in Jefferson by the Sheriff of Jefferson, yet the notices, which the law required, were properly posted on the door of the parish church of the parish of Orleans, or that of the door where the First District Court of Louisiana was held, and could only have been posted by the Sheriff of the latter parish.

Under the facts of the case, although the Sheriff's return could not be found, it was presumed that he had given the proper notice of seizure under an attachment.

APPEAL from the Third District Court of New Orleans, *Kennedy,* J.
*Roselius,* and *Charles Fitz,* for plaintiff and appellant. *T. A. Clarke,* and *E. A. Bradford,* for defendants.

OGDEN, J. (SLIDELL, C. J., and BUCHANAN, J., declined sitting.) This suit commenced by an injunction sued out by the plaintiff to prevent the defendant, *Dewees,* as Sheriff of the parish of Jefferson, from selling a tract of land

which he had seized to satisfy an execution issued at the instance of the de-
fendant, *Slidell*, as subrogated to the rights of *Dusuau*, who had obtained a judgment in the parish court of New Orleans against *Charles F. Zimple.*

The plaintiff in his petition, alleges that he was then in the actual possession of the property seized by the Sheriff and had, for many years past, peaceably possessed it as owner; that he was disturbed in that possession by the defendants, under the seizure made by *Dewees* to satisfy the claim of *Slidell*, which the plaintiff further alleges, had been paid and satisfied by certain notes, the property of *Zimple*, which had been pledged for security of the debt for which the judgment against *Zimple* was obtained. The defendants answered by pleading the general denial and alleging that the property belonged to *Zimple*, and was subject to the execution against him. While this injunction suit was pending, *Slidell* caused executions to issue on two other judgments rendered in his favor against *Zimple*, and the Sheriff made seizure under them of the same property, the sale of which the plaintiff also enjoined on the same grounds. The cases were tried together and the injunction sustained, as to two of the executions, on the ground that the plaintiff had a right to require the imputations of certain sums, proceeds of the notes pledged, to be made, *to be made* to the extinguishment of the judgments in these cases; but in regard to one of the executions for $1650, the judgment of the court below dissolved the injunction, with interest and damages. The defendants have appealed in one case, and the plaintiff in the other, and both appeals are now before us.

The first question we are called on to decide, is the question of title. If the plaintiff was the real owner of the property seized under the several executions in favor of *Slidell* against *Zimple*, or if he has a title which the latter is not permitted to attack, the questions in regard to the imputation of payment and extinguishment of the claims of *Slidell* against *Zimple*, need not be inquired into.

The plaintiff's title to the property was acquired in the following manner: He instituted a suit against *Zimple* in the year 1838, by attachment, alleging that he was his creditor for the sum of $4000, and that *Zimple* had removed permanently from the State—a judgment was rendered in his favor for the sum of $3870, and under an execution issued on that judgment, the Sheriff seized the property which had been attached, consisting of the undivided three-fourths of a tract of four acres of land in the parish of Jefferson, fronting on the river Mississippi. On the 1st of July, 1843, the property thus seized was offered for sale, and *Mithoff* made the last and highest bid for it, but no sale took place, as Mr. *Garcia*, who was then Sheriff, states in his testimony, "on account of the mortgages and judgments existing on the property." *Mithoff*, by his counsel, took a rule on the Sheriff to show cause, why he should not make a deed to him, in pursuance, as was stated in the rule, of the adjudication. On the 4th of December, 1843, a judgment was rendered on the rule by the Fifth District Court, where the suit was pending, in which the court says: "Considering Articles 679 and 684 of the Code of Practice, and that all the mortgages preceding that of plaintiff, are judicial and not special mortgages, and which do not prevent the adjudication, it is ordered, that said rule be made absolute, and that the Sheriff of the parish of Jefferson proceed to make to *William Mithoff*, a Sheriff's deed of the property adjudicated to him."

MITHOFF
*v.*
DEWEES ET AL.

This order was not complied with by Mr. *Garcia*, who was the Sheriff. His successor in office was the defendant, *Dewees*, and when in 1847, he made the seizures of the property under *Slidell's* executions, there existed this order, which not having been appealed from, had become final and irrevocable, directing a Sheriff's deed to be made to the plaintiff. Subsequently, in 1851, and pending this controversy, the successor in office of *Dewees*, executed the deed to *Mithoff*, in compliance with an order of the court, directed to him, and this was the completion of plaintiff's title, which was then put on record.

The defendants, in their answer, have not pleaded that the title of *Mithoff*, derived under those proceedings, is null and void, on account of any defects or irregularities in the proceedings, but it is urged in argument, that the whole proceedings were absolutely null and that the property belonged to *Zimple*, and was liable to seizure for his debts. The grounds are :

1st. That the Sheriff did not comply with Art. 254 of the Code of Practice, which directs, that in case the defendant is absent or resides out of the State, the Sheriff shall serve the attachment and citation, by affixing copies of the same on the door of the parish church of the place, or to that of the room where the court in which the suit is pending, is held.

2d. That there was in reality no adjudication of the property by the Sheriff to *Mithoff*, and consequently no sale.

The plaintiff having shown a judgment of a court of competent jurisdiction, an execution issued thereon, and a Sheriff's deed to the property made under that execution, the presumption of law is, that the proceedings have been legally conducted—the plaintiff thereby shows such *prima facie* evidence of a valid transfer of the property to him, as to throw the burthen of proof on the defendants, and require that they should destroy that legal presumption by establishing the existence of such nullities in the proceedings, as to render the title void. *McDonogh* v, *Gravier*, 9 L. R. This principle is well settled, and were it otherwise, little faith or reliance could be placed on titles derived under judicial proceedings.

The nullity which is alleged to consist in the want of citation is an absolute one, and if it is established as a fact that the judgment in favor of *Mithoff* against *Zimple*, was rendered without citation, the defendants had a right to disregard the whole proceeding and levy on the property as belonging to the judgment debtor. It is argued that this fact is sufficiently established by the return of the Sheriff of the parish of Jefferson, who levied the attachment, which shows no posting either at the door of the courthouse or of the parish church. The notice of the proceedings thus required to be given, has always been considered as standing in place of citation, and if this formality was omitted, the defect is a fatal one.

The cases referred to, of *Arentler* v. *Bank of the United States*, 12 Rob. 467, and *Putnam* v. *Grand Gulf Bank*, 3 Rob., were appeals taken in the attachment suits, and where the objection was taken by the defendants, that these formalities had been omitted and there was no question as to the fact. In the present case, the objection is set up by one who was not a party to the proceedings, and who, in order to avail himself of the objection, must prove that this essential formality was omitted, although such proof involves a negative. The return of the Sheriff of the parish of Jefferson is relied on as furnishing this proof. If that return stood alone unconnected with other proceedings in the case, and other proof, it might be considered as sufficient evi-

dence to establish, that the formality of posting the attachment and citation had been omitted; but on examining further, it is found that no such inference can be properly drawn. The suit was instituted in the First District Court of Louisiana, in whose jurisdiction was embraced the parish of Jefferson, where the property attached was situated. This court was held in the parish of Orleans, and all process issued, which was required to be served within the parish of Jefferson, was served by the Sheriff of that parish. The Sheriff of the parish of Orleans could not legally serve process out of the limits of his own parish, and the attachment in this case was accordingly sent to the parish of Jefferson, to be executed by the Sheriff of that parish, whose return states, that on the 4th of November, 1838, he attached the property therein described. The Sheriff of Jefferson had no other duty to perform but that of seizing and taking into his possession the property to be attached, and he could make no other or further return than that which he did make. The law required that the posting should be made at the door of the parish church of the place, or that of the room where the court, in which the suit was pending, was held—this was in the parish of Orleans, and therefore could only have been legally done by the Sheriff of that parish. The presumption of law is, as between these parties, that the Sheriff of Orleans did perform that duty, for it was the basis of the subsequent action of the court in rendering the judgment. This presumption, however, would yield to contrary proof. The judgment, which had that essential formality as its basis, was rendered on the 17th of April, 1839. The seizures of the property creating the disturbance complained of, were made in 1847, and the trial of these cases took place in 1852, up to which time the record affords no proof of a denial having been made, that the Sheriff had omitted his duty in that respect. It is unnecessary to decide whether after the lapse of so long a time, at the suit of one who was not a party to the proceedings, the fact alone that no return could be found among the papers of a suit, showing that the defendant was ever cited, would be sufficient of itself, without other proof, to destroy the presumption that there had been a legal citation. Such a doctrine would certainly create alarm and anxiety among those whose titles repose on the judgments of courts of justice. They are considered as muniments of title, and are preserved in the permanent records of the country, while the acts of ministerial officers who execute the process of the courts, are frequently preserved only on loose sheets of paper, constantly liable to be lost or mislaid.

In this case, evidence has been given which, we think, supports the legal presumption that the Sheriff of Orleans, whose duty it was, did post the attachments and citations as required by law. That evidence consists of extracts from the docket kept by the clerk of the court, and from the books of C. F. Hozey, the former Sheriff of the parish of Orleans. By the first, it appears that the clerk, on the 15th January, 1839, issued copies of the petition, attachment and citation. The title of the suit of *Mithoff* v. *Zimple*, appears entered on the books of the Sheriff, *Hozey*, with the regular charges for service of the citation and attachment, and an entry in the following words: Received, January 15; no property found. Returned 20th of February, 1839. The date of this entry corresponds with the date of the entry on the docket, of the copies having been issued. The testimony of a deputy clerk of the Fifth District Court, which succeeded to the First District Court, in which the suit was brought, shows that he made a search in the papers for the citation, and that

it could not be found. We think this evidence is sufficient to rebut any inference to be drawn from the non-production of Sheriff *Hozey's* return, that the attachment and citation were not properly posted. We are satisfied by it, that a return was made which was lost, and under those circumstances, the presumption must still remain, that all things were rightly done; the contrary proof does not and cannot appear, as the return has been lost.

It has been contended, that even conceding the citation was posted by the Sheriff of Orleans, yet the proceedings based upon an attachment previously issued, and after issue had been joined, could not be cured by subsequent citation.

The answer of the attorney appointed to represent the absent defendant, was filed on the 12th of December, and the process issued to the Sheriff of Orleans, on the 15th of January following. We have no doubt, that after the attorney filed the answer, it was discovered that the attachment and citation had not been posted, and that the cause was delayed to have that essential formality fulfilled, but as property of the defendant had been attached and was then under seizure, we cannot perceive why the posting might not be subsequently made. The question is, whether at the time the judgment was rendered, the defendant had been cited by the service of the attachment in the manner required by law. The fact, that no default was taken, and no answer was filed, after the service of citation had been properly made, are relative nullities, which the party defendant might have availed himself of by appeal or action of nullity, but which the defendants have no right to plead.

On the second ground of objection to the plaintiffs' title, that there was no adjudication, we are of opinion that the judgment of the court on the rule taken by the plaintiff, to compel the Sheriff to make him a deed, in pursuance of the adjudication, is conclusive—that matter has been adjudicated, and is a part of the record in the attachment suit, and we can no more disregard it, than we can the judgment establishing the plaintiff's claim against *Zimple*. In the absence of any charge of fraud or collusion between *Mithoff* and *Zimple*, there is no reason why the defendants should not be concluded by the judgment of the court affirming, that there was an adjudication, and ordering the Sheriff to complete the title by a deed.

We are therefore of opinion, that the plaintiff has a good and valid title to the property claimed by him, and that the injunctions ought to have been perpetuated in both cases.

It is therefore ordered and adjudged, that the judgment of the court below be reversed, and that there be judgment in favor of the plaintiff, perpetuating the injunction, the defendants to pay costs in both courts.