168 So. 769

**KELLEY v. KELLEY.**

No. 33803.

May 25, 1936.

James G. Schillin, of New Orleans, for appellant.

Stanley W. Ray and Leon Sarpy, both of New Orleans, for appellee.

HIGGINS, Justice.

This is a proceeding in which the claimant of an imperfect usufruct on paid-up homestead stock and United States Liberty bonds, as garnishee, seeks to have a garnishment under a writ of attachment set aside on the ground that the judgment debtor has only an undivided one-eighth interest in the naked ownership of the stocks and bonds attached, and is not entitled to interfere with the rights of the usufructuary.

The defendant in the rule filed a plea of res judicata, which was overruled, and, reserving the benefit thereof, denied that the plaintiff had an imperfect usufruct on the stocks and bonds and averred that it was only a perfect one and, therefore, the ownership and the right to alienate the stocks and bonds remained with the naked owner. But that in either event the attachment was legal.

There was judgment dismissing the rule, and plaintiff therein appealed.

The record shows that Mrs. Thomas J. Kelley, Jr., a citizen of Georgia, obtained a divorce and a judgment for alimony in that state against her husband. Later, she brought suit in the civil district court for the parish of Orleans against her husband, a resident of the state of Florida, obtaining jurisdiction through garnishment under a writ of attachment, to have the definitive alimony judgment recognized in this state. The defendant's father was made gar-nishee. In his answer to the garnishment, he admitted that he had in his possession Liberty bonds and paid-up homestead stock, which he held as surviving spouse in community under the laws of the state of Louisiana; the property having been acquired during his marriage with his deceased wife, who died leaving four children, issue of their marriage, one of whom is the plaintiff's husband and judgment debtor. The deceased's estate consisted of an undivided one-half interest in the community property composed of a piece of real estate, furniture and fixtures, Liberty bonds, and a certificate of paid-up homestead stock in which the judgment debtor has an undivided one-eighth interest in the naked ownership thereof.

The district judge recognized the final Georgia alimony judgment and condemned the defendant to pay the plaintiff $60 per month from October 10, 1930, to August 5, 1933, with legal interest on each installment, and maintained the writ of attachment and garnishment issued thereunder, recognizing the lien and privilege resulting from the judgment and garnishment upon the property attached and garnisheed, and ordering that "the interest of the defendant" be sold, according to law, and the judgment paid out of the proceeds of the sale, by preference over the claims of other creditors of the defendant.

The theory of the plea of res judicata is that the garnishee was a party and privy to the litigation in which the court recognized the Georgia judgment, maintained the attachment and garnishment, and recognized the lien and privilege of the

plaintiff. In support thereof, we are referred to 34 C.J. § 1154, p. 742; § 1476, p. 1039.

The record fails to show that the garnishee appeared other than to answer the interrogatories in the garnishment process or raised any of the issues here presented in the contest between the plaintiff and defendant or did anything which would estop him from asserting the rights here urged. The plea of res judicata was properly overruled.

Articles 533, 534, 535, 536, and 549 of the Revised Civil Code, read as follows:

"533. Usufruct is the right of enjoying a thing, the property of which is vested in another, and to draw from the same all the profit, utility and advantages which it may produce, provided it be without altering the substance of the thing.

"The obligation of not altering the substance of the thing takes place only in the case of perfect usufruct."

"534. There are two kinds of usufruct.

"Perfect usufruct, which is of things which the usufructuary can enjoy without changing their substance, though their substance may be diminished or deteriorated naturally by time or by the use to which they are applied; as a house, a piece of land, furniture, and other movable effects.

"And imperfect or quasi usufruct, which is of things which would be useless to the usufructuary, if he did not consume or expend them, or change the substance of them, as money, grain, liquors."

"535. Perfect usufruct does not transfer to the usufructuary the ownership of the things subject to the usufruct; the usufructuary is bound to use them as a prudent administrator would do, to preserve them as much as possible, in order to restore them to the owner as soon as the usufruct terminates."

"536. Imperfect usufruct, on the contrary, transfers to the usufructuary the ownership of the things subject to the usufruct, so that he may consume, sell or dispose of them, as he thinks proper, subject to certain charges hereinafter prescribed."

"549. If the usufruct includes things, which can not be used without being expended or consumed, or without their substance being changed, the usufructuary has a right to dispose of them at his pleasure, but under the obligation of returning the same quantity, quality and value to the owner, or their estimated price, at the expiration of the usufruct."

The garnishee, as usufructuary, contends that he has an imperfect usufruct on the stocks and bonds and, therefore, has the right to sell or dispose of them in full ownership, subject only to an accounting at the expiration of the usufruct.

Conceding that the usufruct is an imperfect one, a view most favorable to the garnishee, but without deciding that issue, we shall consider whether or not the garnishee, as plaintiff in rule, is entitled to have the attachment and garnishment dissolved and set aside. The only complaint as to the validity of the attachment and garnishment is that if the undivided one-

eighth interest of the defendant as owner of the naked title were sold, it would interfere with the usufructuary in the enjoyment of his rights. The law is clear that when the imperfect usufruct ceases, either by the death or remarriage of the usufructuary, there must be an accounting to the owner of the naked title for the value of the things subject to the usufruct. Mariana v. Eureka Homestead Soc., 181 La. 125, 158 So. 642, 643; articles 536 and 549, R.C.C.; Vivian State Bank v. Thomason-Lewis Lumber Co. et al., 162 La. 660, 111 So. 51. Therefore, the judgment creditor has a right to seize all of the right, title, and interest which the heir has in the stocks and bonds, so that, when the imperfect usufruct ceases, before delivering the value of the thing upon which the usufruct obtained to the owner of the naked title, the rights of the judgment creditor would have to be satisfied. If the heir's rights, which have been garnisheed, are valueless at this time and cannot be sold, because of the superior rights of the usufructuary, it simply means, from both a practical and a legal view point, that the judgment creditor will not obtain satisfaction of his claim, but that does not affect the validity of the attachment and garnishment and lien or privilege resulting therefrom in favor of the judgment creditor. The seizing creditor gets no greater rights than the judgment debtor has. If the debtor, as owner of the naked title, could not interfere with the usufructuary's rights to enjoy the benefit of the usufruct, it is difficult to see in what respect the seizing creditor or adjudicatee could do so. If the judgment creditor or the adjudicatee of the naked title were to attempt to assert their claims in any way that would interfere with the rights of the usufructuary, then would be the proper time for the usufructuary to complain, but, at the present, fear or apprehension of such interference is unfounded and premature. Any expression from us in advance of such a happening would be in the nature of a declaratory judgment. We are not at liberty to answer anticipated legal problems.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent.