**Mrs. Marie de Jaham STEWART, Co-Executrix, Mrs. Margaret Stewart Johnson, Co-Executrix of the Estate of Seymour J. Stewart, Plaintiffs,**

v.

**Chester A. USRY, District Director of Internal Revenue, New Orleans District, Defendant.**

Civ. A. No. 15671.

United States District Court
E. D. Louisiana,
New Orleans Division.

July 18, 1967.

Arthur V. Flotte, Thomas J. Taylor, New Orleans, La., for plaintiffs.

Peter Winstead, Atty., Tax Div., Dept. of Justice, Ft. Worth, Tex., Louis C. La-Cour, U. S. Atty., New Orleans, La., for defendant.

CASSIBRY, District Judge.

This cause came to trial on cross motions for summary judgment on the pleadings, stipulation of facts and exhibits.

The question to be decided is whether the property rights which a surviving spouse received in property which is the subject of an imperfect usufruct under Louisiana law qualifies for the marital deduction provided in Section 2056 of the Internal Revenue Code of 1954.

Plaintiffs herein are the duly qualified executrices of the Estate of Seymour J. Stewart, who died in New Orleans, Louisiana, on October 10, 1961.

The last will and testament of Seymour J. Stewart, dated December 3, 1960, provided as follows with respect to the disposition of his property:

"I give and bequeath to my beloved wife Marie de Jaham Stewart, the usufruct of all the property that I may die possessed of, of whatsoever nature and kind wheresoever situated.

I give and bequeath to my four (4) children * * *, share and share alike, the naked ownership of all of the property that I may die possessed of, of whatsoever nature and kind and wheresoever situated subject to the usufruct in favor of my wife, Marie de Jaham Stewart."

A federal estate tax return was filed on behalf of the Estate of Seymour J. Stewart with the District Director of Internal Revenue, New Orleans, Louisiana, which reported a total gross estate of $151,997.75, and a taxable estate of $48,775.23.

In the estate tax return, the total gross estate reported of $151,997.75 consisted of separate property valued at $52,113.03 and community property, one-half of which was valued at $99,884.72.

In the estate tax return filed for the Estate of Seymour J. Stewart, the deduction under Section 2056 of the Internal Revenue Code of 1954 for bequests, etc., to surviving spouse amounted to $26,056.51. The property which plaintiffs determined qualified for the marital deduction consisted in part of furniture, homestead certificates, automobiles, merchandise and materials, cash, savings bonds and insurance proceeds. All this property belonged to the community existing between Seymour J. Stewart and Mrs. Marie de Jaham Stewart.

The federal estate tax shown to be due on the estate tax return for the Estate of Seymour J. Stewart, $6,660.35, was paid in full with the return.

Upon examination of the estate tax return filed for the Estate of Seymour J. Stewart, the Commissioner of Internal

Revenue determined that the return contained certain errors in valuation of property, and further determined that the estate was entitled to a deduction in calculating the estate tax liability for "bequests, etc., to surviving spouse" (or the marital deduction provided by Section 2056 of the Internal Revenue Code of 1954) of $2,635.82.[1] The Commissioner's determination which permitted the Estate of Seymour J. Stewart to deduct $2,635.82 on the marital deduction, was based upon the theory that all properties other than those itemized in this paragraph passing from decedent to his surviving spouse were subject to the terminable interest limitations provided by Section 2056(b) of the Internal Revenue Code of 1954.

Pursuant to the determinations described in the preceding paragraph, on February 12, 1965, a deficiency in estate tax of $8,536.08 and interest to January 10, 1964, of $1,024.33 was assessed and this aggregate, $9,560.41, was paid on behalf of the Estate of Seymour J. Stewart on February 19, 1965.

On March 15, 1965, a claim for refund of estate taxes was filed with the District Director of Internal Revenue, New Orleans, Louisiana, by plaintiffs herein. The District Director has not allowed this claim for refund. In plaintiffs' claim for refund and in their complaint herein, they claim that the Estate of Seymour J. Stewart is entitled to a marital deduction of $30,105.95.[2]

| ITEM | AMOUNT |
|------|--------|
| **1.** | |
| 3 U. S. Savings Bonds—Dated May, 1944—Community Property | $ 46.24 |
| 1 U. S. Savings Bond—Dated Feb. 1945—Community Property | 15.20 |
| 1 U. S. Savings Bond—Dated September, 1945—Community Property | 29.95 |
| 1 U. S. Savings Bond—Dated September, 1945—Community Property | 14.97 |
| 1 U. S. Savings Bond—Dated November, 1945—Community Property | 29.46 |
| Sun Life Assurance Company of Canada— Policy No. 1,581,631—Face Amount— $5,000.00—Mrs. S. J. Stewart, Beneficiary— All Premiums paid with Community Funds | $ 2,500.00 |
| | $ 2,635.82 |
| | |
| **2.** Household Furniture & Effects—per Inventory attached—Community Property | $ 312.50 |
| Automobile—per Inventory attached Community Funds | 12.50 |
| Trade Accounts Receivable—Community Property | 1,428.71 |
| Receivable—Employee's Coca Cola Fund— Community Property | 11.30 |
| Employee—Receivable, Community Property | 10.00 |
| Inventory—Merchandise and Materials— Community Property | 10,523.00 |
| 1954 Chevrolet Truck—Community Property | 25.00 |
| Shop Tools and Equipment—Community Property | 415.50 |
| Office Furniture and Fixtures—Community Property | 63.50 |
| Meter Deposits—Community Property | 3.75 |

On August 9, 1962, Mrs. Marie de Jaham Stewart, surviving spouse of decedent, was placed and put in possession of all of the property left by decedent, including his separate and community property, as usufructuary so long as she shall live.

In the present action plaintiffs seek to recover $7,293.72 in estate taxes, plus interest according to law.

Plaintiffs contend that the property rights which passed to the surviving spouse, as usufructuary of an imperfect usufruct under the law of the State of

| ITEM | AMOUNT |
|---|---|
| Drum and Tank Deposits—Community Property | 7.75 |
| Royalty Interests per Inventory—Community Property | 415.02 |
| Term Dividend $25.00—Proportional Dividend for current policy year $14.38—Return Premium $15.47—Community paid all premiums | 27.42 |
| 3 Certificates for 20 full paid shares each, Fidelity Homestead Association of the face value of $100.00—Community Property | 3,000.00 |
| 5 American Express Company Travelers Cheques in the amount of $20.00 each—Community Property | 50.00 |
| Cash in Checking Account in Progressive Bank—Community Property | 92.78 |
| Cash in Checking Account—National American Bank—Community Property | 4,110.55 |
| Cash in Whitney National Bank $16,049.23—adjusted for outstanding checks to $15,151.88—Community Property | 7,675.94 |
| Cash on Hand—Community Property | 282.50 |
| 3 U. S. Savings Bonds—Dated May, 1944—Community Property | 46.24 |
| 1 U. S. Savings Bond—Dated Feb., 1945—Community Property | 15.20 |
| 1 U. S. Savings Bond—Dated Sept., 1945—Community Property | 29.95 |
| 1 U. S. Savings Bond—Dated Sept., 1945—Community Property | 14.97 |
| 1 U. S. Savings Bond—Dated November, 1945—Community Property | 29.46 |
| Unexpired insurance premium on rental property | 175.81 |
| Unexpired insurance premiums on business | 375.53 |
| Sun Life Assurance Company of Canada—Policy No. 1,581,631—Face Amount—$5,000.00—Mrs. S. J. Stewart, Beneficiary—All premiums paid with Community Funds | 2,500.00 |
| | $ 31,654.88 |
| Less federal estate tax payable out of the above interests | 1,548.93 |
| Net amount of marital deduction | $ 30,105.95 |

Louisiana, qualified for the marital deduction under Section 2056(a) of the Internal Revenue Code of 1954 and are not subject to the terminable interest limitations provided by Section 2056(b)(1) of the Internal Revenue Code of 1954, because of the specific exception to the terminable interest rule provided by Section 2056(b)(5), Internal Revenue Code. In addition, they contend that the limitation of 2056(b)(1) is not applicable because the conditions of 2056(b)(1)(B) are not met.

Defendant contends that the property rights which passed to the surviving spouse, as usufructuary of the imperfect usufruct under the law of the State of Louisiana, do not qualify for the marital deduction provided in Section 2056 of the Internal Revenue Code of 1954, for the reason that such property rights constitute a terminable interest within the meaning of Section 2056(b).

The marital deduction, which now appears as Section 2056 of the Internal Revenue Code of 1954 [3] was enacted in 1948 in an attempt to promote equality of estate tax treatment between married residents of community and non-com-

---

3. Sec. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(a) *Allowance of marital deduction.*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(b) *Limitation in the case of life estate or other terminable interest.*—

(1) *General rule.*—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B))—

(C) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

For purposes of this paragraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term.

\* \* \* \* \*

(5) *Life estate with power of appointment in surviving spouse.*—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

(A) the interest of such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and

(B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse.

This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

\* \* \* \* \*

(26 U.S.C. 1964 ed., Sec. 2056)

munity property states.[4] In order to counteract the estate tax benefit received by married couples in community property states, who were permitted to report only one-half of the community property in the estate of the first marital partner to die, the Congress permitted a deduction of up to 50 percent of the "adjusted gross estate" for property passing from the decedent spouse to the surviving spouse. It was contemplated that those assets which were removed from taxation in the estate of the spouse first to die would be exposed to estate tax upon the death of the surviving spouse, who was required to be the owner of the assets to the same extent as the surviving spouse in a community property state who received her one-half interest in community property assets. This principle was enunciated by the court in In Re Reilly's Estate v. Commissioner, 239 F.2d 797, p. 799 (3rd Cir. 1957), in which the court stated:

" * * * The assets so removed from the tax in the estate of the spouse first to die are to be exposed to the tax at the death of the surviving spouse. Fundamentally postponement of the tax is contemplated so that if the full marital deduction is taken, the property of the marital community will be subject to the tax only once in the estate of either spouse.

In order to prevent abuse and tax avoidance through the marital deduction, the terminable interest rule was enacted. Broadly, it excepts from the marital deduction any asset of the estate transferred to the spouse which may by any event ultimately pass from the decedent to any other person for less than full consideration in money or money's worth. * * * "

Section 2056(b) represents the codification of the "terminable interest rule". The rule has in effect three requirements to invoke its operation. First, it must be

an interest in property, such as a life estate, which will terminate or fail upon the lapse of time or some other event. Secondly, an interest in the same property must pass from the decedent to a person other than the surviving sponse. Finally, by reason of its passing the other person or his heirs or assigns may possess or enjoy any part of the property after the termination or the failure of the spouse's interest. Treasury Regulations on Estate Tax (1954 Code), Sec. 20.2056(b)–1(c).

█ The plaintiffs admit that the imperfect usufruct, being merely a life estate, is an interest in property which will terminate on the lapse of time or on the occurrence of an event, namely, the death of the surviving spouse, hence, the first requirement of the "terminable interest rule" specified in Section 2056(b) (1) has been satisfied.

█ The plaintiffs also admit that an interest in the same property has passed from the decedent to a person other than the surviving spouse, namely, the decedent's four children who were vested with the naked ownership in the property transferred to the surviving spouse, hence, the second requirement of the terminable interest rule specified in Section 2056(b) (1) (A) has been satisfied.

The plaintiffs contend that the "terminable interest rule" is not applicable by reason of the fact that the requirement of Section 2056(b) (1) (B) has not been satisfied, namely, a person other than the surviving spouse may not "possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse."

█ Both parties agree that the nature and character of property interests passing to a widow for determining whether the interest is terminable for purposes of estate taxation must be judged in accordance with state law.[5]

---

4. S.Rep.No.1013, 80th Cong., 2d Sess., p. 38 (1948–1 Cum.Bull. 285, 305; H.Rep. No.1274, 80th Cong., 2d Sess., p. 27 (1948–1 Cum.Bull. 241, 261).

5. Jackson v. United States, 317 F.2d 821, (9th Cir. 1963), affirmed 376 U.S. 503, 84 S.Ct. 869, 11 L.Ed.2d 871; United States v. Mappes, 318 F.2d 508 (10 Cir. 1963); Bone v. United States, 238 F. Supp. 97 (D.C.Ark.1965).

Thus we must look to the law of Louisiana to determine the nature of the interest of the surviving spouse.

The Louisiana Civil Code defines usufruct as "the right of enjoying a thing, the property of which is vested in another * * *" LSA–C.C. Art. 533. The Civil Code breaks usufruct down into two types, perfect usufruct, which is of things which can be enjoyed without changing their substance, and imperfect usufruct, which is of things which would be useless to the usufructuary, if he did not consume or expend them. LSA–C.C. Art. 534. An imperfect usufruct transfers to the usufructuary the ownership of things subject to the usufruct, so that he may consume, sell or dispose of them, as he thinks proper, subject to certain charges. LSA–C.C. Art. 536. The basic charge imposed upon the imperfect usufructuary is established by Article 549 of the Civil Code. That charge is to return the same quantity, quality and value to the naked owner, or their estimated price, at the expiration of the usufruct. Thus it is seen that while Article 533 speaks of a usufructuary as one who has the right of enjoying a thing which is the property of another, implying that a usufructuary is not an owner, Article 536 speaks of the imperfect usufruct transferring *ownership* to the usufructuary, implying that the usufructuary is an owner. Determining the extent and nature of this "ownership" is the crux of this case. Judge Taliaferro defined it thusly in Johnson v. Bolt, La.App., 146 So. 375:

> "The word 'ownership' used in article 536, supra, has not the far-reaching significance attached to it in ordinary parlance, nor by article 488 of the Code. The ownership referred to is defined by the Code as being imperfect. Such ownership is *terminable* at a certain time or on a condition. Civil Code art. 490." (Emphasis added)

In interpreting Article 549 which establishes a charge upon the usufructuary, the Louisiana courts have consistently recognized the obligation of the usufructuary to account to the naked owner of the property upon termination of the usufruct.[6] Specifically, where the usufructuary has an imperfect usufruct in money, a like amount must be restored at the end of the usufruct.[7] During the period of the usufruct there is an outstanding property interest in another (the naked owner) and at the termination of the usufruct (in the instant case at the death of the surviving spouse) an accounting of the property or its value must be rendered to the naked owner.

Though they do not apply to the usufruct in the instant case because it is a legal usufruct under LSA–C.C. Art. 916, there are other charges which apply to usufructs in general which further show the limited nature of ownership possessed by the usufructuary. All contracts or agreements made by the usufructuary with respect to his property cease at the expiration of the usufruct. LSA–C.C. Art. 555. The usufructuary has the obligation of filing an inventory with respect to the property which is the subject of the imperfect usufruct. LSA–C.C. Art. 557. The usufructuary must give security that he will use the property as a prudent administrator. LSA–C.C. Art. 558. In the event the usufructuary does not give security, the immovables subject to the usufruct may be leased at public auction and sums of money may be put out at interest. LSA–C.C. Art. 563. The usufruct may cease by abuse. LSA–C.C. Art. 621. The Court concludes that these various "charges" upon a usufruct over property which is the subject of an imperfect usufruct renders it less than the absolute ownership which is contemplated in the marital deduction provisions.

**6.** Johnson v. Bolt, La.App., 146 So. 375; Kelley v. Kelley, 185 La. 185, 168 So. 769; Succession of Block, 137 La. 302, 68 So. 618; Mariana v. Eureka Homestead Society, 181 La. 125, 158 So. 642.

**7.** Heirs of Gryder v. Gryder, 37 La.Ann. 638; Michel v. Knox, 34 La.Ann. 399; Succession of Dielmann, 119 La. 101, 43 So. 972.

Plaintiffs contend that the imperfect usufruct of Louisiana is analogous to the common law life estate with power in the surviving spouse to consume or alienate the corpus, with remainder not consumed or alienated going directly to the children. This type estate was determined to qualify for the marital deduction in McGehee v. Commissioner of Internal Revenue, 260 F.2d 818 (5th Cir. 1958). However in the McGehee case, the life tenant possessed an unrestricted and unqualified power of disposition and owed no duty of accounting to the remaindermen. If at the termination of the life estate, nothing remained, then the remaindermen had no claim upon the estate of the life tenant. The remaindermen got only what the life tenant had not consumed or alienated. Thus the McGehee holding does not control here.

The courts have consistently recognized that broad powers of use or consumption do not expand a life estate into fee ownership or absolute ownership which is contemplated by the marital deduction provisions.[8] It should be noted that in the footnoted cases, the life tenant had no obligation of rendering an accounting hence the property rights possessed by the life tenant were far broader than those possessed by the usufructuary under Louisiana law.

The plaintiffs further make the following contention with respect to the requirement of Section 2056(b) (1) (B):

"This section has been interpreted by the Federal Jurisprudence to mean that the interest in the property which passed from decedent to a person other than the surviving spouse, will, upon the termination of the interest passing to the surviving spouse, pass directly from decedent to such other person, to be possessed and enjoyed by such other person, and *does not form part of the estate of the surviving spouse."*

In support of this proposition, the plaintiffs cite two cases which discuss the general rationale of the marital deduction, that the property will be taxed in the estate of one spouse or the other.[9] In substance the plaintiffs contend that "the test is whether or not the imperfects such as the cash or inventory remaining will be included, under the law of the State of Louisiana, in the estate of the surviving spouse." This contention is without merit.

It should first be noted that the language of the statute does not indicate that taxability or exclusion or inclusion of the assets in the estate of the surviving spouse is in any way determinative of the question of whether a terminable interest is involved. Section 2056(b) (1) (B) states only the requirement that a person other than the surviving spouse "may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse." The courts have uniformly rejected plaintiffs' argument that taxability of the property in the estate of the surviving spouse is in any way determinative of the question of whether the property interest qualifies for the marital deduction.[10]

In the nature of an alternative plaintiffs also rely on Section 2056(b) (5) of the Internal Revenue Code. It provides for an exception to the terminable interest rule. In general, this section provides that if the surviving spouse receives an interest in property in which the surviving spouse is entitled for life

8. Estate of Ralph G. May v. Commissioner, 32 T.C. 386; Estate of Evilsizor v. Commissioner, 27 T.C. 710; Estate of Howell v. Commissioner, 28 T.C. 1193; Estate of Melamid v. Commissioner, 22 T.C. 966; United States v. Lincoln Rochester Trust Co., 297 F.2d 891 (2nd Cir. 1962).

9. National Bank of Orange v. United States, D.C., 218 F.Supp. 907; and

Dougherty v. United States, 292 F.2d 331.

10. Pipe's Estate v. Commissoner, 241 F. 2d 210 (2nd Cir. 1957); Starrett v. Commissioner, 223 F.2d 163 (1st Cir. 1955); McGehee v. Commissioner of Internal Revenue, 260 F.2d 818 (5th Cir. 1958).

to all the income payable annually or at more frequent intervals, with a power in the surviving spouse to appoint the entire interest in favor of herself or her estate, and with no power to any other person to appoint any part of the interest, then such interest qualifies for the marital deduction notwithstanding the fact that this is a terminable interest. The statute specifies that the power must be exercisable by will or during the life of the surviving spouse "by such spouse alone and in all events." The Treasury Regulations on Estate Tax provide that the power is not "exercisable in all events" if it can be terminated during the life of the surviving spouse by any event other than her complete exercise or release of it. In addition, "if there are any restrictions, either by the terms of the instrument or under applicable local law, on the exercise of the power to consume property (whether or not held in trust) for the benefit of the spouse, the power is not exercisable in all events." Treasury Regulations on Estate Tax (1954 Code), Sec. 20.2056 (b)–5(g) (3). It is obvious from the above that the life estate with power of appointment exception was designed to deal with those situations where the life tenant had the equivalent of absolute ownership, a point which has already been discussed.

It should first be noted that the rights of the usufructuary consist of the right to use or consume the property, and this is not equivalent to the right to appoint the property to herself or another. The power of appointment contemplates that the ownership of the underlying property may be vested in another to the complete exclusion of the remainderman or naked owner of the property. It is obvious that under Louisiana law the usufructuary, can in no way defeat the underlying interest of the naked owners. Even if it be assumed that the power of appointment encompasses rights of consumption, rather than outright appointment of ownership to another, the owner of the usufruct under Louisiana laws is required to make restitution or an accounting to the naked owners of the property, hence the usufructuary can in no way prevent the vesting of some part of the property in the naked owner. Obviously, the usufructuary does not possess a power of appointment exercisable in all events during her life. It is also obvious the usufructuary has no power to appoint the property by will by reason of the fact that the usufruct terminates upon her death. Further, it is generally assumed that powers of appointment as envisioned in the marital deduction provisions are generally unavailable in Louisiana because of a prohibition against testamentary dispositions committed to the choice of third persons. Lemann, The Marital Deduction: A Louisiana View, 40 Tulane L.Rev. 555.

The Court concludes that the power of a surviving spouse to consume or use property subject to an imperfect usufruct is not equivalent to a power of appointment since she has no right to vest "ownership" of the underlying property in another. In short, the imperfect usufruct is an ordinary life estate and a terminable interest within the meaning of the marital deduction provisions. The powers of the surviving spouse to use or consume the property which is the subject of the imperfect usufruct do not convert it into absolute ownership and are not equivalent to the life estate with power of appointment so as to qualify for the marital deduction.

To buttress their contention that the property right of the surviving spouse amounts to ownership as contemplated in the marital deduction provisions plaintiffs argue that under Louisiana law there will be no obligation to render an accounting to the naked owners at the termination of the instant usufruct. Plaintiffs point out that the naked owners here are also the forced heirs of the usufructuary and as such will inherit her estate. As the heirs of the usufructuary's estate the naked owners will have an obligation to account to themselves which will be extinguished by op-

eration of law. LSA–C.C. Art. 2217. This contention, however, rests on the unspoken premise that the usufructuary will leave her entire estate, either by testament or by operation of law, to the naked owners. This is, of course, not certain to happen. The usufructuary may choose to leave her entire estate to persons other than her forced heirs, and the forced heirs may not elect to insist upon their legitime provided for by the Civil Code. LSA–C.C. Art. 1493. Any or all of the forced heirs may renounce the succession of the usufructuary. LSA–C.C. Art. 977. Any or all of the forced heirs may be disinherited by the usufructuary for unworthiness. LSA–C.C. Art. 966. In each of the above enumerated examples, the naked owner would retain a claim against the estate of the usufructuary which would not be extinguished by confusion. In that case the naked owner would be in a position to "possess or enjoy any part of the property after termination or failure of the spouse's interest." Section 2056(b) of the Internal Revenue Code does not require that it be certain that "other persons possess or enjoy" the property, the wording of Section 2056(b) (1) (B) is as follows:

" * * * if by reason of such passing such person (or his heirs or assigns) *may* possess or enjoy any part of such property * * * " (Emphasis added)

In light of the fact that there remains a possibility that the naked owners *may* possess or enjoy a part of the property concerned in the form of a claim against the estate of the surviving spouse, the requirements of Section 2056(b) have not been met.

The Court does not agree with any of plaintiffs' contentions and concludes that persons other than the surviving spouse may possess or enjoy part of the property upon the termination of the interest of the surviving spouse. Thus, the property rights which the surviving spouse receives with respect to property which is subject to an imperfect usufruct constitute a terminable interest within the meaning of Section 2056(b).

This conclusion is supported by the Louisiana commentators on this subject.[11]

To permit the marital deduction with respect to property in which the spouse owns a terminable interest such as an imperfect usufruct would thwart the Congressional policy of taxing the property in the estate of one of the spouses by allowing the property to escape taxation altogether.

■ A taxpayer claiming a deduction or exclusion under the Internal Revenue Code must show himself entitled to it. Loughridge's Estate v. Commissioner, 183 F.2d 294 (10th Cir. 1950), cert. den. 340 U.S. 830, 71 S.Ct. 67, 95 L.Ed. 609. The plaintiffs in the instant case have not carried this burden.

The motion of the plaintiffs for summary judgment is denied, and the motion for summary judgment of the District Director of Internal Revenue is hereby granted.

---

11. Kelleher, The Marital Deduction Under Louisiana Law, 26 Tulane L.Rev. 154, 160 (1952); Rubin and Champagne, Some Community Property Aspects of the 1948 Revenue Act, 9 La.L.Rev. 1, 8–9 (1948); Hickey, The Usufruct and Taxation, 8 La.Bar Journal 223, 224 (1961).