## No. 1125.

### Heirs of Mary Gryder vs. Hiram Gryder et als.

In an action by the joint owners of property, held in usufruct by their father, for the purpose of destituting him of the usufruct, on the grounds of acts of abuse and waste,

it is not sufficient to show that the father has parted with or spent some or all of the funds originally belonging to the community, and that he has made donations of a portion of the lands belonging to the community.

Money is the subject of imperfect usufruct, and the usufructuary is authorized to spend it subject to an accounting at the end of the usufruct.

If the lands donated by the father exceed in quantity or in value his legal interest, the donation will be reduced or annulled at the final liquidation of the community, but the donation cannot give rise to a judicial destitution of the usufruct.

APPEAL from the Third District Court, Parish of Claiborne. *Egan*, Special Judge.

*N. L. Scott* and *J. A. Richardson* for Plaintiffs and Appellants.

*J. W. Holbert* for Defendants and Appellees:

The surviving spouse holding the usufruct of one-half of the community property, under Act No. 152 of 1844, during his natural life or until second marriage, cannot be destituted of that usufructuary right by suit, except for second marriage. Act 1844, p. 99, sec. 2 : C. C. 915 and 916; 19 Ann. p. 14; 11 Ann. 297; 31 Ann. 752; 29 Ann. 520; 3 Ann. 489; 22 Ann. 446 and 499; 5 Ann. 588.

The omission to inventory the community property will not affect the usufruct established in favor of the surviving spouse, by Act 25 March, 1844. 11 Ann. 297.

Neither can the surviving spouse, holding the usufruct of one-half of the community property, be required to give security. 19 Ann. 14; 31 Ann. 752; 32 A. 1267.

The usufruct conferred by Act of 1844, p. 99, sec. 2, is not governed by the law of usufruct as contained in the Code under the chapter of usufruct; the distinctions are plain and palpable. 31 Ann. 752.

The opinion of the Court was delivered by

POCHÉ, J. Mary Gryder, wife of the defendant, Hiram Gryder, died in November, 1882, leaving seven heirs, issue of her marriage with the defendant, and movable and immovable property belonging to the community, which remained in the possession of the surviving husband as usufructuary.

This suit was brought in August, 1883, by three of the heirs, and its object is to destitute the father of the usufructuary and to obtain a partition by sale of all the property belonging to the community.

The grounds of this action are substantially the acts of abuse of the property committed by the father and waste of the same by means of donations of a portion of the immovable property and a sale of some of the movables.

The defense is a general denial, and the judgment below was in favor of the defendants.

In this Court their counsel submits two points of resistance:

1. The insufficiency of the proof to justify a decree destituting the father of his usufruct.

2. That the provisions of the civil code touching the judicial extinction of the usufruct for reason of abuse and waste do not apply to the legal usufruct created by Act 152 of 1844, which restricts the extinction of the usufruct to the death or to the second marriage of the usufructuary.

I.

The first charge submitted by plaintiffs against their father is his neglect or failure to have an inventory made of the community property immediately after the death of his wife.

It was the legal duty of the father to have provoked such an inventory, but the omission of the act cannot be construed as an act of waste or abuse as contemplated under the provisions of the Code, as a ground to destitute him of his right of usufruct. The identical point was made in the case of the Succession of Viand, 11 Ann. 297, and disposed of in favor of the usufructuary.

Plaintiffs next complain of donations to two of their co-heirs by the father of two portions of the land belonging to the community. The record shows that the father intended by those donations to dispose of his share in the lands.

It is plain that he has not effectively transferred more than his real and legal interest in the lands. If, at the end of the usufruct and at the final settlement between the parties, it should appear that the lands donated exceed in quantity or in value the father's interest in the same, his acts of donation will be reduced, restricted or annulled, as the case may be, with a view to an equal partition of the property.

Hence, plaintiffs and their co-heirs cannot be injured by the donations, and, therefore, the transaction does not amount to an act of abuse or waste necessary in law to warrant a judgment destituting the father of his usufruct. Art. 555 Civil Code provides "that the usufructuary may enjoy by himself or lease to another, or even sell or give away his right; but all the contracts or agreements which he may make in this respect, whatever duration he may have intended to give them, cease of right at the expiration of the usufruct."

This is the extent of the legal rights which the donees have acquired under the obnoxious donation, and the time of complaining on the part of plaintiffs on that score has not yet arrived.

The complaint of the sale of some cattle and movables by the father is answered by the record, which shows that the sales thus made by him were soon after cancelled, and that the things having thus been returned, were found in his possession at the time of the institution of this suit.

Under an agreement between the parties, these things were sold by the sheriff who now has possession of the funds realized by the sale.

The complaint that the father has spent, used or otherwise disposed of certain moneys which belonged to the community, and that, this is an abuse or waste within the meaning of the law, is absolutely groundless. Money cannot be used or enjoyed by being kept in possession; its use necessarily implies a spending of the same—and the usufructuary has the undoubted right to thus use it, under the obligation of returning the same at the expiration of the usufruct. C. C. Arts. 534, 549; Succession of Hayes, 33 Ann. 1143.

An inspection of the record fails to disclose any act of the father which could make him amenable to the penalty of destitution of his usufruct under the provisions of the law invoked against him by his own children.

These views obviate a discussion of the second point raised by defendant's counsel.

Judgment affirmed.