## ANDERSON v. STATE.

(Division A. March 14, 1938.)

[179 So. 560. No. 33126.]

**Shed Hill Roberson** and **Chester H. Curtis**, both of Clarksdale, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**McGehee, J.**, delivered the opinion of the court.

Appellant was convicted in the circuit court of Coahoma county of the murder of one Zack Carson. Under his plea of self-defense, he undertook to testify as to the general reputation of the deceased for peace or violence. This testimony, together with that of other witnesses to the same effect, was objected to and excluded. The exclusion of this testimony is the only serious question presented for decision on this appeal.

The testimony discloses that about two weeks before the killing, the deceased drove his taxicab into a filling station where appellant was at work, and ran against the heel of the appellant while he was stooping over to fix a tire on another car. Later that evening the appellant went across the street, near the taxicab stand of the deceased, to purchase a package of cigarettes and while there asked the deceased why he had run over his heel, to which the deceased replied, "I didn't run over your damn foot, and if I did you had better go back to work or I will beat —— out of you." Appellant thereupon returned to his work; and on the occasion when the killing occurred, the deceased had gone to the garage in the rear of the filling station, where the appellant was employed, to have some work done on his car. The appellant there renewed the controversy by asking the deceased whether he was drunk the night he ran over his foot, to which the deceased replied, "No, I was not drunk." Appellant then said, "Why did you talk to me

as you did," to which the deceased replied, "Why, I think you are lucky that I did not beat the —— out of you." Appellant said nothing further at that time, but went to the office of the service station, got a pistol, stuck it in his pocket, returned to the garage, got a bucket of used oil and a brush to grease a jack with so as to resume his work, when the deceased asked him, "What do you take me to be—some of these children around here?" Whereupon appellant replied, "No, sir, I will take you as a man and I want you to treat me right." At that time the deceased was rubbing the hood of his car with a rag which he changed from his right to his left hand, and, according to the testimony of the appellant, started advancing toward him with his fist clinched, gritting his teeth and quivering in a mad and threatening manner; that the appellant then told the deceased, "Don't come up on me"; that deceased kept walking, and "acted as if he were going to jump"; that the appellant then pulled the gun and commenced firing, at a time when the deceased was from four to six feet away.

Under appellant's version of what occurred, we are of the opinion that in view of the fact that the defendant was only seventeen years old and weighed about 135 pounds and the deceased was a man forty years old and weighed about 200 pounds, he was entitled to have the jury take into consideration the reputation of the deceased for peace or violence in order that the jury might fairly and intelligently determine whether the appellant as a reasonable man had good reason to believe that he was then in danger of sustaining great bodily harm at the hands of the deceased. Cotton v. State, 31 Miss. 504; Scott v. State, 56 Miss. 287; Spivey v. State, 58 Miss. 858; King v. State, 65 Miss. 576, 5 So. 97, 7 Am. St. Rep. 681; Smith v. State, 75 Miss. 542, 23 So. 260. In the case of Smith v. State, supra, it was held that when there was evidence showing, or tending to show,

that the defendant acted in self-defense, under reasonable apprehension that his life was in danger, or that he was in danger of sustaining great bodily harm, because of some act of the deceased done at the time of the killing, one of the elements entering into the reasonableness of such an apprehension is the character of the defendant's adversary as a violent, vindictive, and dangerous man, known to be such to the defendant.

The testimony as to the general reputation of the deceased for peace or violence in the case at bar was objected to on the ground that no overt act was shown, such as is recognized under the law, to justify a shooting in self-defense. But it was said in the case of Hood v. State, Miss., 27 So. 643, 644, that "an 'overt act' . . . may be a motion, a gesture, conduct, or demonstration, or anything else which evidences reasonably a present design to take the life of the defendant or to do him great bodily harm."

While we are reluctant to reverse this case under all the facts and circumstances disclosed by the testimony both on behalf of the state and of the defendant, we think that the safer course would be to follow the rule announced in these former decisions and allow the jury to consider the proffered testimony in determining whether the appellant acted in what he deemed to be his necessary self-defense; and that the case of Wright v. State, 162 Miss. 592, 139 So. 846, is not in conflict with this view, since it does not appear in the Wright Case that the deceased was in such close proximity to the defendant at the time of the shooting, as was true in the case at bar. Nor does the case of Woodward v. State, Miss. 177 So. 531, to the effect that if a person arms himself for provoking a difficulty and does so, intending to use the weapon if necessary to overcome resistance, he has no right to rely on self-defense, because the evidence in this case does not establish, without conflict, that the accused intended when he obtained the weapon to further

provoke the difficulty for the purpose of killing the deceased, but rather tends to show on the part of the defense that he had obtained the weapon merely for use in overcoming any attempt that the deceased should make to carry out his alleged previous threat against the appellant. The difficulty was therefore renewed by the deceased at a time when the appellant was going about his duties, according to his testimony.

Reversed and remanded.