CLARKSDALE HOSPITAL *v.* WALLIS *et al.*

(Division A. Feb. 12, 1940. Suggestion of Error Overruled March 25, 1940.)

[193 So. 627. No. 34045.]

Vincent J. Brocato and E. W. Smith, both of Clarksdale, for appellant.

Brewer & Sisson, Tom T. Ross, Roberson & Luckett, and Maynard, Fitzgerald & Maynard, all of Clarksdale, for appellees.

Argued orally by **Vincent J. Brocato**, for appellant, and by **Tom T. Ross** and **Wm. H. Maynard**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

The question involved is whether a legatee, under a will, whose claim to the legacy is unsuccessfully contested by the executor and some of the other legatees and devisees, is entitled to charge the whole estate with a reasonable attorney's fee necessarily incurred in defending such contest.

Mrs. Martha (Mattie) Johnson died testate. In her will, she bequeathed to the Clarksdale Hospital the sum of $30,000. Several other legatees and also devisees were named in the will. The hospital's claim for its legacy was contested by the executor and certain of the devisees and legatees upon the ground that the will in that respect violated Sections 269 and 270 of the Constitution of 1890, and Sections 3564 and 3565 of the Code of 1930, commonly known as Mortmain and Constitutional Provisions. The result of the contest was a decree in favor of the hospital. Thereupon, the executor paid the hospital the

$30,000. In defense of its claim, the hospital incurred and paid an attorney's fee of $3,000, which was reasonable and necessary. It now seeks reimbursement for this amount from the entire estate. The chancellor disallowed it. Hence, this appeal by the hospital.

Section 1734 of the Code of 1930 is in this language: "In annual and final settlements, the executor, administrator or guardian shall be entitled to credit for such reasonable sums as he may have paid for the services of an attorney in the management or in behalf of the estate if the court be of the opinion that the services were proper and rendered in good faith; provided, however, that where the executor, administrator or guardian acts also as attorney, the court may allow such executor, administrator or guardian credit for his reasonable compensation as attorney in lieu of his compensation as executor, administrator or guardian."

Attorneys fees incurred by the personal representative in the administration of an estate in his custody, are, under Section 1734 of the Code of 1930, his personal obligations, for which he may be reimbursed if the court be of the opinion that the services were necessary and rendered in good faith. Reedy v. Allen, 181 Miss. 471, 179 So. 569; Clopton v. Gholson, 53 Miss. 466. Where the services were rendered for the sole benefit of an individual, or group of individuals, interested in the estate, as against the others interested, such an allowance is unauthorized. See copious annotations to Williams, Executor v. Gratton, as reported in 136 Or. 224, 298 P. 231, 79 A. L. R. 517, Annotations page 522, et seq. The hospital's claim was against the interest of all other legatees and devisees under the will. Its successful termination resulted in decreasing their claims.

It is argued on behalf of the hospital that it was to the interest of all concerned that the court pass on the validity of the bequest to it, which involved the construction of the will. In a sense, that is true, but it does not follow as a matter of course that the costs are to come out of

the whole estate. Putting it differently, the position of the hospital is that it has the right to make its unsuccessful adversaries pay the attorney's fee incurred by it in bringing about their defeat. That would be in the nature of punitive damages, which is not allowable in a litigation of this character.

Affirmed.