51 So.2d 154 (1951)
MAGEE
v.
GATLIN.
No. 3373.
Court of Appeal of Louisiana, First Circuit.
March 15, 1951.
Ott & Richardson, Bogalusa, for appellant
Ott & Watts, Franklinton, for appellee.
LOTTINGER, Judge.
This suit was filed by Emily Lee Gatlin Magee, as one of the two forced heirs of her late father, Ollie P. Gatlin, against her mother, Annie P. Gatlin, as surviving widow in community of the said Ollie P. Gatlin, for selling or disposing of certain community property owned in indivision by Mrs. Gatlin, as surviving spouse, and plaintiff and her brother, as forced heirs, and upon which defendant, Mrs. Gatlin, had the usufruct as surviving spouse. The property which was allegedly sold consisted of a Nash and Jeep automobiles. By judgment rendered in the proceeding entitled Succession of Ollie Porter Gatlin, Probate Docket Number 1889 of the Twenty-Second Judicial District Court in and for the Parish of Washington, State of Louisiana, defendant, as surviving spouse in community, was recognized as owner, in her own right, of an undivided one-half of said property, with usufruct over the remaining one-half thereof, and plaintiff and her brother were sent into *155 ownership of the remaining one-half of said property, subject, however, to the right of usufruct in defendant. Defendant filed exceptions of no right or cause of action. From judgment in the lower court maintaining said exceptions, plaintiff appeals.
After setting forth the rendition of judgment in her father's succession, as hereinabove mentioned, the petition of plaintiff further alleges as follows, to-wit:

"IV.
"Petitioner shows that since the rendition of said judgment, and without the consent of your petitioner, the said surviving widow, Mrs. Annie P. Gatlin, has sold and disposed of the said Nash automobile and the said Jeep automobile on which she had a right of usufruct only with no right to sell or dispose of same.

"V.
"Your petitioner avers that said Nash automobile and the said jeep automobile so disposed of by said surviving widow and on which she only had a usufruct were well worth the sum of sixteen hundred dollars ($1600.00), and the interest of your petitioner therein is the sum of four hundred dollars ($400.00).

"VI.
"Petitioner shows that she has protested to said surviving widow for selling and disposing of said property without the consent of petitioner, and has requested her to account for the proceeds of the sale, which she refuses to do."
The prayer of plaintiff's petition is as follows:
"Wherefore, petitioner prays that said surviving widow, Annie P. Gatlin, be duly cited to appear and answer this petition, and after due proceedings and delays, that there be judgment herein in favor of petitioner and against said Annie P. Gatlin for the value of petitioner's interest in the property illegally sold and disposed of by her as aforesaid, that is to say, the sum of $400, with legal interest thereon from judicial demand until paid; that in the alternative, the said defendant be required to account for and pay over to petitioner one-fourth of the amount received by said defendant for said property, and, in the further alternative, that said defendant be required to give security for the property so sold and disposed of by her as aforesaid.
"Petitioner further prays for such other general and equitable relief to which she may be entitled in the premises."
The lower court, in rendering its decision maintaining the exceptions, stated as follows:
"In my opinion, the suit herein instituted is one by the heir against her mother (who has the usufruct) for an accounting prior to the termination of said usufruct. Under the provisions of Article 916 of the Civil Code, a usufruct of this character is enjoyed by the usufructuary during her life time or until she remarries. The occurrence of either of these conditions terminates the usufruct. There is another manner in which the usufruct can be terminated as shown by the provisions of Article 621 of the Civil Code, which provides as follows:
"`The usufruct may cease by the abuse which the usufructuary makes in his enjoyment, either in committing waste on the estate, or in suffering it to go to decay, for want of repairs, or in abusing in any other manner, the things subject to the usufruct.
"`In such cases, the judge may, according to the circumstances, decree the absolute extinction of the usufruct, or order that the owner shall re-enter into the enjoyment of the property subject to the usufruct, on condition that he shall pay annually to the usufructuary or his representatives, until the usufruct expires, a sum which shall be fixed on by the judge in proportion to the value of the property subject to the usufruct.'
"Counsel for plaintiff states in brief that if no action can be taken against a surviving widow until the usufruct is ended by her death or remarriage then the result would be that the surviving spouse can sell, squander and do away with all the movable property on which the usufruct operates, and the children have no remedy *156 at all until after the death or remarriage of their surviving father or mother. Certainly, under the provisions of the above-quoted Article 621 of the Civil Code, if the father or mother were committing waste on the estate, or suffering it to go to decay or abusing it in any other manner to the injury of said children, then they would have the right to bring an action to terminate said usufruct and obtain an accounting. However, in the absence of the allegation of any waste being committed or that the estate is being abused in any manner to the injury of the children, which is not shown in the present petition, then I am of the opinion that said petition fails to disclose a cause of action."
The usufruct involved in this case was the legal usufruct of the survivor in community as set forth in Article 916 of the Louisiana Civil Code. According to Article 560 of the Civil Code, the defendant was not required to give security. The only methods for terminating a legal usufruct is death, remarriage, or waste and abuse on the part of the usufructuary. We have found no law or jurisprudence to the effect that the usufructuary might be made to account during the existence of the usufruct, as the plaintiff seeks to have done here. The proper remedy would be under Article 621 of the Civil Code for termination of the usufruct because of waste and abuse by the usufructuary. As we interpret said article, the termination would be of the whole usufruct, and would not be for merely a part thereof, as is prayed for by plaintiff.
We believe that the waste and abuse intended by Article 621 for termination of the usufruct was of a far more serious nature than as is alleged by plaintiff's petition. In Gryder v. Gryder, 37 La.Ann. 638, the court refused to terminate the usufruct for failure to have an inventory made of the community property immediately after the death of his wife. In Burdin v. Burdin, 171 La. 7, 129 So. 651, 654, the court said: "The usufruct of the defendant of the movable effects of the marital community was not annulled or suspended by his omission to inventory such effects. * * * And the usufruct so held by the defendant of the money and other movable effects was an imperfect or quasi usufruct, carrying with it the ownership and the right to dispose of the same, subject to an accounting at the expiration of the usufruct."
In order to set out a cause of action for termination of the usufruct because of waste and abuse by the usufructuary, it is necessary to show such misadministration by the usufructuary or surviving spouse, as to peril the rights of the children. This is not shown by plaintiff's petition. The purpose of the usufruct in the survivor is to preserve the community and family and to grant unto the survivor the means for maintaining herself, or himself, and the children of the marriage. In our opinion, such waste and abuse must be shown on the part of the survivor as to show a lack of regard for the rights of the children. Such is not the case here. The petitioner merely alleged that certain movable property belonging to the community, and upon which defendant had the usufruct, was sold. No waste or abuse was alleged as to bring the case within the scope of Article 621. The mere fact that said property was sold, without any allegation to show waste, abuse, or mismanagement on the part of the usufructuary, would not show sufficient right or cause of action as to terminate the usufruct.
For the reasons assigned, the judgment of the lower court will be affirmed.
Judgment affirmed.