HARDY, Judge.
This is a suit by plaintiffs, as owners of a certain described 120 acre tract of land located in Red River Parish, for the termination and extinguishment of the defendant’s usufruct on the property. Plaintiffs also prayed for an accounting by the defendant of all personalty and movables upon the property, which relief, however, has been abandoned and is therefore not involved in this appeal. After trial there was judgment in favor of defendant rejecting plaintiffs’ demands, from which plaintiffs have appealed.
The plaintiff, Eugene Debbs Thomas, was vested with the naked ownership of the property by the last will and testament of his mother, and the other plaintiffs acquired their interest by conveyance from him. Under the terms of the will the defendant, J. W. R. Thomas, who was the stepfather or adoptive father of plaintiff, Eugene Debbs Thomas, was granted the usufruct of the property.
Plaintiffs predicate their right to relief upon the provisions of LSA-C.C. art. 621, which reads in part as follows:
“The usufruct may cease by the abuse which the usufructuary makes in his enjoyment, either in committing waste on the estate, or in suffering it to go to decay, for want of repairs, or in abusing in any other manner, the thing subject to the usufruct.’’
The gist of plaintiffs’ complaints is set forth in their petition as follows:
“4.
“That for several years prior to September 1952, the buildings situated on the property hereinabove referred to, consisting of one principal dwelling house, two tenant houses, a barn, smoke house and other out houses have been falling into decay due to the lack of repairs, which the said usufructuary was obliged to make.
“5.
“That on or about the first of September, 1952, said usufructuary moved off of the said property which he had been occupying since the date of the usufruct, abandoning it and removed from the said dwelling located thereon all household furniture, and other items of which he had the usufruct, selling the farm implements, mules and livestock thereon at the time of his departure.
“6.
“That since the usufructuary moved from the said premises, no one has occupied or farmed the said property and the buildings thereon have been empty and deserted.
“7.
“That the usufructuary, J. W. R. Thomas, left no one to watch, guard or *484 take care of said premises and the same are now open and subject to being entered upon by tramps, thieves, trespassers, squatters and others who might acquire prescriptive rights thereto by adverse possession.”
We think it unnecessary to discuss the evidence in any detail and it suffices to say that the testimony generally supports plaintiffs’ position. Defendant, who is some seventy-eight years of age, is physically unable to care for the property; does not live thereon but makes his residence in Grant Parish; has rarely, since his removal, even so much as visited the property; has collected a negligible income from the same over a period of years, and unquestionably has permitted, unchecked, the rapid deterioration of the property itself, as well as the buildings and improvements thereon, to the very great detriment thereof. We think there should be no question as to plaintiff’s right to relief. In this connection we quote in full the district judge’s brief memorandum on facts, as follows:
“That the plaintiffs failed to prove the allegations of their petition to the degree that would entitle them to the relief prayed for.
“That there was a degree of deterioration and decay noted with reference to this farm, but no more than was found on neighboring farms, and was due, not primarily to neglect of the defendant, but more as an economic condition prevailing in that whole area.”
It is apparent from a reading of this memorandum that our learned brother of the district court was impressed with the showing of the adverse effects upon the property caused by defendant’s neglect, but sought to excuse the same on the grounds set forth.
In reaching a conclusion in this case we are influenced by very practical considerations reflected in the record, which we think should be taken into account. It is evident that defendant is deriving no benefit whatsoever from his usu-fruct of this property, either in income or as a place of abode. On the other hand, defendant’s disuse, neglect, inattention and lack of care is resulting in a very real detriment to the plaintiff owners, and is causing them continuing injury and loss. Under these circumstances we see no justice in refusing relief to plaintiffs. We are quite in accord with the statement made by our brethren of the First Circuit in Magee v. Gatlin, La.App., 51 So.2d 154, 156:
“The purpose of the usufruct in the survivor is to preserve the community and family and to grant unto the survivor the means for maintaining herself, or himself, and the children of the marriage. In our opinion, such waste and abuse must be shown on the part of the survivor as to show a lack of regard for the rights of the children.”
Applying the above stated pinciples to the facts of the instant case, it is evident that the purpose of the usufruct has been violated and the rights of the owners disregarded.
The application of the very plain and unambiguous provisions of Article 621 clearly justifies the relief sought by plaintiffs.
For the reasons assigned the judgment from which appealed is annulled and reversed, and, accordingly,
It Is iNow Ordered, Adjudged and Decreed that there be judgment in favor of plaintiffs, Eugene Debbs Thomas, Leroy H. Scott, Jr., and George T. Anderson, Jr,, and against the defendant, J. W. R. Thomas, terminating, annulling and extinguishing the usufruct heretofore existing in favor of the said defendant insofar as the same affects the property described as being:
“The West Half of Northwest Quarter and .Northwest Quarter of Southwest Quarter, Section 35, Township 13 •North, Range 8 West, situated in the Parish of Red River;”
together with all costs.