158 So.2d 850 (1963)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
Alfred W. COSTELLO et al.
No. 1173.
Court of Appeal of Louisiana, Fourth Circuit.
December 2, 1963.
Rehearing Denied January 6, 1964.
*851 Brunswig Sholars, Baton Rouge, for Department of Highways.
Zelden & Zelden, Bruce J. Borrello, New Orleans, for defendants-appellants.
Richard J. Garvey, New Orleans, for defendant-appellee.
Before SAMUEL, CHASEZ, and HALL. JJ.
HALL, Judge.
The issue presented in this case is whether a surviving spouse loses the usufruct granted him under LSA-Civil Code Article 916 when the real estate subject to such usufruct is expropriated by the State.
The facts of the case are substantially undisputed. On June 29, 1962, the State of Louisiana, through the Department of Highways, filed a petition in the Civil District Court for the Parish of Orleans to expropriate certain real property owned by Alfred W. Costello and his two sons, Stephen and Herbert J. Costello. The petitioner deposited the sum of $6,322.00 in the registry of the Court in compensation for the expropriated property.
On August 6, 1962, Alfred Costello filed a motion to withdraw the funds deposited in the Court, alleging that by judgment of possession in the succession of his late wife he was recognized as the owner of an undivided one-half interest in the property together with the usufruct of the other one-half interest owned in indivision by his two sons. Eleven days later, the sons filed an opposition to the rule to withdraw the funds and alleged that upon the expropriation of the property the mover's usufruct terminated and thereby entitled them to receive one-half of the proceeds of the expropriation.
After considering the arguments and memoranda of counsel, the Lower Court rendered judgment in favor of the father, recognizing his right to the entire $6,322.00. The two sons have taken this appeal.
Appellants' main contention is that their father, as surviving spouse, received a perfect usufruct over the real estate inherited by them and that this usufruct ended upon the "loss" of the property by expropriation. They base this contention on LSA-Civil *852 Code Art. 613, which provides in part as follows:
"The usufruct expires before the death of the usufructuary, by the loss, extinction or destruction of the thing subject to the usufruct."
They also argue that the provisions of the expropriation statute, particularly LSA-R.S. 19:55 and 19:61, require the proceeds of the expropriation to be paid to the owners and not to the usufructuary.
We do not think that these contentions are well founded. Article 916 of the LSA-Civil Code provides as follows:
"In all cases, when the predeceased husband or wife shall have left issue of the marriage with the survivor, and shall not have disposed by last will and testament, of his or her share in the community property, the survivor shall hold a (in) usufruct, during his or her natural life, so much of the share of the deceased in such community property as may be inherited by such issue. This usufruct shall cease, however, whenever the survivor shall enter into a second marriage."
The purpose of this article is to preserve the community upon the death of one spouse and to grant to the survivor the means for maintaining himself and his family. See Magee v. Gatlin, La.App., 51 So.2d 154. To this end the Courts have been quite reluctant to terminate the usufruct merely because the property to which the usufruct attached was changed in form.
For example, in Magee v. Gatlin, supra, it was held that the surviving spouse's usufruct was not terminated merely because she sold two motor vehicles upon which it attached. The Court stated that the only manner for terminating this usufruct was by death, remarriage, or waste and abuse on the part of the usufructuary. There being no allegation of waste and abuse, the Court refused to terminate the usufruct. Also in Succession of Russell, 208 La. 213, 23 So. 2d 50, the Court held that the sale of succession assets for cash in order to pay debts did not terminate the surviving husband's usufruct as to the residue of the proceeds of wife's half interest in such assets. Further in Succession of Dielmann, 119 La. 101, 43 So. 972, it was held that the usufruct of the surviving spouse was maintained on the proceeds of liquidated stock sold by the liquidator. The Court stated that the "mere fact that the form of the asset was changed at a period later than the opening of the succession made no difference as to the rights of the usufructuary touching her duty in respect thereto." See also Gryder's Heirs v. Gryder, 37 La.Ann. 638.
Appellants' other contention is also without merit. In LSA-R.S. 19:55 and 19:61 it is provided that the owners of property to be expropriated must be notified and served. It is also provided that the proceeds of the expropriation must be paid to "them", i. e. to the owners of the property. They contend that these sections prohibit payment of any proceeds to anyone except the naked owners of the expropriated property.
The highway expropriation statute was passed as Act No. 326 of 1948, long after the passage of Article 916 as Act 152 of 1844 and its subsequent inclusion in the Civil Code of 1870. The legislature is presumed to be aware of its own enactments, and in the absence of any express exception in the later statute, it must be deemed to have acquiesced in the treatment afforded to Article 916 by the Courts. In addition, there is in reality no conflict between the two statutes since the proceeds of the expropriated property belong to the naked owner, subject however to the rights of the usufructuary.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.