SMITH, Justice:
Mrs. Sallie Fitzgerald Herring died on March 8, 1963, and her last will and testament was admitted to probate in the Chancery Court of the First Judicial District of Hinds County. In her will, she named her husband as executor, but provided that if he predeceased her, Deposit Guaranty Bank and Trust Company of Jackson should be the executor. In Item IV of the will, testatrix devised her home in Jackson to Deposit Guaranty Bank and Trust Company, as trustee, and directed that it be sold by the trustee and the proceeds used for the purposes, in the manner and in such amounts as she directed.
A copy of the will, excepting those provisions having no relevancy to the question presented on this appeal, appears as a footnote to this opinion.[1] A codicil, which *397 does not relate to those questions, is also omitted.
Appellee, Deposit Guaranty Bank and Trust Company, as trustee under the will, *398 and also as executor, the husband of testatrix having predeceased her, filed a petition for the construction of the will, particularly as to Items IV, IV-A, IV-B, VII and VII-C, as they related to the Sallie Joe McMurtray and Maura Jane McMur-tray bequests in paragraphs A and B of Item IV.
These two legatees were minor children of George Luther McMurtray and Betty Jane Smith McMurtray, and resided in Kenner, Louisiana with their parents.
The petition requested the court to construe the will so as to determine whether Items IV, IV-A, IV-B, VII, and VII-C, (a) created a trust for the education of the minors, to be administered by petitioner as testamentary trustee, (b) required that the sums mentioned should be turned over to the minors in cash, or (c) necessitated payment to an appropriate guardian to be appointed for them either in Louisiana or Mississippi, and charged with the duty of using the money for the education of the minors.
An answer was filed on behalf of the minors by their father, in which it was denied that the provisions of the will were so ambiguous, vague or obscure as to require construction by the court. A cross-petition, also filed in their behalf by their father, demanded that the sums referred to in paragraphs A and B of Item IV be paid to him in cash, as father of said minors, under Article 221 of the Louisiana Civil Code, or Mississippi Code Annotated section 446 (1956). This petition set out that the laws of Louisiana do not provide for appointment of a guardian during the life of a minor’s parent, but vested the administration of the estate of a minor in the parent. A certificate to that effect by a judge of a court of record in the State of Louisiana was annexed to the cross-petition.
At the conclusion of the hearing, the chancellor found that it was the intention of the testatrix, drawn from the will as a whole, especially in the light of the provisions contained in Items IV, IV-A, IV-B,. VII and VII-C, to create educational trusts, to be administered by Deposit Guaranty Bank and Trust Company, as trustee, for the education of Sallie Joe McMurtray and Maura Jane McMurtray. A decree was entered accordingly and from that decree the minors, acting through their father, have appealed here.
Following the hearing, on motion of the father of the minors, the court made an allowance of $750, to be paid from the estate, as reasonable compensation for the services of his solicitor in contesting the petition of the executor and trustee, and in seeking to have the money paid directly to him as father of the minors. The trustee and executor have cross-appealed from that part of the decree allowing attorneys’ fees.
In order to determine the issue before the Court, the intention of the testatrix must be ascertained, and must be drawn from the will as a whole. Lane v. Vick, 3 How. 464, 44 U.S. 464, 11 L.Ed. 681 (1848) through Carter v. Berry, 243 Miss. 321, 136 So.2d 871, 140 So.2d 843, 142 So.2d 13, 95 A.L.R.2d 791 (1962).
The intention of the testatrix to establish trusts and to provide trust funds to-be administered by the trustee appointed in her will is manifest and clear. The trasteé-is directed to use the proceeds from the sale of her home, “for the hereinafter named' purposes, in the manner and in such amounts as I shall direct.”
Then follow directions to the trustee to-set apart out of these funds an amount sufficient to provide not more than $50 each year for the care and upkeep of her cemetery lot.
She then provides,
“ * * * after said fund has been set aside to provide for the perpetual care of said cemetery lot, I direct that the balance of the proceeds from the sale of said *399 property * * * be disbursed by my trustee as follows:
A. To Sallie Joe McMurtray, for her education, the sum of Ten Thousand Dollars ($10,000.00) in cash, if she be living at the time of my death * * *
B. To Maura Jane McMurtray, for her education, the sum of Ten Thousand Dollars ($10,000.00) in cash, if she be living at the time of my death * * *
C. The remaining funds in the hands of my trustee (not exceeding one-third of my estate less $5,000.00) shall be distributed to: * *
(Here follow specific bequests to six named charities.)
Then, after making certain provisions for her husband, with alternative provisions in ■case of his death prior to her own, she proceeded to grant to her trustee the broadest continuing specific powers for dealing with and administering the trust estates, concluding the enumeration of powers with this statement:
“ * * * it being my express intention to confer upon my said trustee in each trust every power of management which might be conferred upon it by an express enumeration of separate powers including, but without limiting the generality of the above powers, discretionary authority to: * * *.
B. Make allocations to funds or distributions to beneficiaries in kind or in cash, or partly in kind and partly in cash, at valuations to be determined by them.
C. Make distribution to or for the benefit of minors as if such minor were of full age and without the intervention of a guardian.” (Emphasis added.)
She provided that if Deposit Guaranty Bank and Trust Company resigned or declined to act, that a new trustee should be appointed by the court, and that any such successor trustee should be a bank or trust company doing business in Jackson, and “having a capital stock of $1,000,000 or more,” and that such successor trustee should have the same powers as were granted to the original trustee.
The question to be determined is, of course, whether the testatrix intended, in making these rather elaborate provisions “for each trust,” to confine the scope of the trusts established by her will to the sale of the house and the setting up of the fund to provide not more than $50 each year for the care and upkeep of the cemetery lot, or whether the funds bequeathed for the education of the two minors, Sallie Joe Mc-Murtray and Maura Jane McMurtray, were trust funds for their education, to be administered by the trustee.
The unusually broad grant of continuing powers to the trustee “in each trust” coupled with the power to make allocations of funds to beneficiaries in cash, and to make distributions to or for the benefit of minors as if such minors were of full age and without the intervention of a guardian (Sallie Joe McMurtray and Maura Jane McMurtray being the only minors referred to in the will), when considered with the stipulation that the money was for their education, strongly indicate an intention on the part of the testatrix that educational trusts for the children were two of the trusts to which she referred, and for the administration of which by the trustee broad and continuing powers were granted. It would be unreasonable to suppose that the testatrix made these provisions for administering “each trust” with reference to the cemetex-y lot trast only, or required any successor trustee to be a bank or trust company with a capital of $1,000,000 or more, if only the cemetei'y lot trust was contemplated. Nor do we think the words used in each of the bequests “for her education” were precatory only, when considered in the light of the whole will.
The minor beneficiaries resided in Louisiana with their parents.
*400 Article 223, Louisiana Civil Code, is as follows:
Art. 223. Parents’ usufruct on minor child’s property
Art. 223. Fathers and mothers shall have, during marriage, the enjoyment of the estate of their children until their majority or emancipation.
It has been held that usufruct of money is a quasi or imperfect usufruct, the corpus of which the parent may consume.
A minor’s parent as usufructuary of money may dispose thereof at his pleasure, since usufruct of money is quasi usufruct and transfers to usufructuary the ownership, but at termination of usufruct things consumed must be accounted for. Mariana v. Eureka Homestead Society, 181 La. 125, 158 So. 642 (1935); Gryder’s Heirs v. Gryder, 37 La.Ann. 638 (1885); Articles 534-536, Louisiana Civil Code.
The practical effect of the Louisiana statutes is that any money to which minors become entitled shall be paid to their father and may be consumed by him at his pleasure. There is nothing in the will to indicate that the testatrix intended this result.
We think the chancellor was correct in holding that the will created three trusts, one of a fund for the perpetual care of the cemetery lot, and the other two of funds provided in the will for the educations of Sallie Joe McMurtray and Maura Jane Mc-Murtray, these funds to be administered by the trustee Deposit Guaranty Bank and Trust Company.
On cross-appeal, cross-appellant cites Article 589, Louisiana Civil Code, which is as follows:
Art. 589. Costs of litigation, liability of parents with legal usufruct
Art. 589. Fathers and mothers who enjoy the legal usufruct of the property of their children, are bound to support the expenses of all suits concerning that property, in the same manner as if they were the owners of it.
The answer and cross-petition were filed in their names by the father of the minors, who was the legal usufructuary of their property. Louisiana law requires that he support the expense of litigation concerning their estates.
In Clarksdale Hospital v. Wallis, 187 Miss. 834, 193 So. 627 (1940), where (legal) services were rendered for the sole benefit of an individual, or group of individuals, interested in an estate, as against the others interested, such an allowance (of attorneys’ fees) was held to be unauthorized.
It seems to be the general rule that attorneys’ fees can only be allowed where the services rendered inure to the benefit of the estate. Thatcher v. Lewis, 335 Mo. 1130, 76 S.W.2d 677 (1934); Borchers v. Taylor, 83 N.H. 564, 145 A. 666, 63 A.L.R. 874 (1929); and, Davis v. Mitchell, 27 Tenn.App. 182, 178 S.W.2d 889 (1943).
We do not think that the purpose or effect of the services rendered by the attorneys for appellant in this case inured to the benefit of the estate. On the contrary, the object of respondents and cross-petitioners was to defeat the trusts established by the will and related solely to an assertion of alleged rights personal to the two minor legatees and to their father as their usufructuary.
The lower court was in error in making an allowance to cover fees for the services of appellants’ attorneys.
For the reasons stated, the case will be affirmed on direct appeal and reversed and a judgment entered here for cross-appellant on cross-appeal.
Affirmed on direct appeal; reversed and judgment entered here for cross-appellant on cross-appeal.
GILLESPIE, P. J., and JONES, PATTERSON and ROBERTSON, JJ., concur.

. (Excerpts from will)
IV.
I give, devise and bequeath my home at 503 High Street in Jackson, Mississippi unto Deposit Guaranty Bank and Trust Company, as Trustee however, and direct that it be sold by said trustee and the proceeds therefrom used for the hereinafter named purposes, in the manner and in such amounts as I shall direct. In the event that said home shall be sold or otherwise disposed of prior to my death, I give and bequeath to my said Trustee in lieu of said home the sum of Fifty Thousand Dollars ($50,000.00) in cash for those same hereinafter named purposes, in the manner and in such amounts as I sliall direct. I direct that my Trustee shall set apart out of the proceeds from the sale of said home or out of the cash bequest, as the case may be, a sum sufficient to provide for the perpetual care of the Fitzgerald Burial Lot in Cedar Lawn Cemetery in Jackson, Mississippi. I direct that my trustee expend out of the earnings of such fund so set apart a sum not to exceed the sum of Fifty Dollars ($50.00) each year for the care and upkeep of said cemetery lot. Such sum to be expended may be increased, if necessity therefor demands, by an order of a court of competent jurisdiction. I direct that said sale be made at a time and in a manner in accordance with sound *397 business practices. I prefer that said sale be made by sealed bids with the right of the trustee to reject any and all bids. After said fund has been sot aside to provide for the perpetual care of said cemetery lot, I direct that the balance of the proceeds of the sale of said property or from cash bequest, as the case may be, be disbursed by my trustees as follows:
A. To Sallie Joe McMurtray, for her education, the sum of Ten Thousand Dollars ($10,000.00) in cash, if she be living at the time of my death. If she be not living, then such sum shall remain a part of the residuum of my estate.
B. To Maura Jane McMurtray, for her education, the sum of Ten Thousand Dollars ($10,000.00) in cash, if she be living at the time of my death. If she be not living, then such sum shall remain a part of the residuum of my estate.
C. The remaining funds in the hands of my trustee (not exceeding one-third of my estate less $5,000.00) shall be distributed to: * * *.
(Here follows six specific bequests to various charities.)
*****
VII.
My trustee in the trust hereinabove provided and any corporate executor shall have full and broad discretionary power and authority to hold, manage, rent, lease, control, improve, enhance, conserve, invest, reinvest, convey, deliver, contract with respect to, or otherwise deal with or dispose of, without application to or order of Court, my property and/or the property in said trust estate, it being my express intention to confer upon my said Trustee in each trust, every power of management which might be conferred upon it by an express enumeration of separate powers including but without limiting the generality of the above powers, discretionary authority to:
A. If it be necessary, to employ attorneys, agents or servants in the exercise of its power and provide for their reasonable compensation.
B. Make allocations to funds or distributions to beneficiaries in kind or in cash, or partly in kind and partly in cash, at valuations to be determined by them.
C. Make distribution to or for the benefit of minors as if such minors were of full ago and without the intervention of a guardian.
D. Hold separate funds in one consolidated fund or in a common trust fund in which separate funds shall have undivided interests.
E.Investments shall be limited to the classes of investments and securities which are now or may hereafter be prescribed by law as those in which trust funds shall be invested.
E. Vote any corporate stock by proxy, and to execute general or restricted proxies to one or more nominees, to exercise any options or rights issued in connection with stocks or bonds.
G. Determine how all receipts and disbursements shall be credited, charged, or apportioned as between income and principal.
H. The trustee in the sale of said property and in administering said trust shall receive for its services such fees as are reasonable and just at the time of the performance of such services, to be determined in accordance with the schedule of fees then in force deemed customary in such cases.
I. In the event the corporate trustee named herein shall resign, decline to act or not be permitted to act, then a now trustee shall bo appointed by any court having jurisdiction. Any successor trustee shall be a bank or trust company doing business in the City of Jackson, Mississippi, having a capital stock of One BEllion Dollars ($1,000,000.00) or more. The resigning corporate trustee, after a full and proper accounting, shall transfer the trust properties to the new corporate trustee and the rights, duties and liabilities of the resigning trustee shall thereupon terminate. Any successor trustee shall thereupon and thereafter be vested with, have, and exercise the same powers and discretions as the original trustee.
VIII.
I constitute and appoint my beloved husband, Ben Herring, as executor of my estate and direct that he be not compelled to give bond or security in any amount as such executor, provided however that in the event my said husband predeceases me, or for any reason shall fail to qualify as such executor, or if having qualified he should die, resign, or for any reason fail to act as such executor, then I constitute and appoint Deposit Guaranty Bank and Trust Company in Jackson, Mississippi as executor of my said estate, granting unto the said executor all of the powers granted to it as trustee here-inabove set out in addition to those powers, rights and duties as provided by law. * * *