LOTTINGER, Judge.
This is a proceeding by Albert George Branch, a minor emancipated by a marriage, seeking a final accounting by Dorothy Baker Branch, his mother and natural tutrix. The Trial Court ordered that Mrs. Dorothy Baker Branch file an accounting as to the community property, and a final accounting as to the separate property. It is from this order and judgment of the Trial Court that Mrs. Branch has appealed.
The record points out that the decedent, Dewitt Edgar Branch, died testate on April 7, 1958, leaving a surviving widow and two minor children. By his last will and testament, the decedent left the disposable portion of his separate estate, being an undivided one-half interest, to his surviving widow, and the other undivided one-half interest or the forced portion to his two sons, a one quarter interest going to each. It, was further provided in the last will and testament that the surviving widow was to have the usufruct over his portion of the community estate according to the laws of this State. This Court had the benefit of having the entire succession proceedings before it, which proceedings also included the tutorship of the mother over her two minor children. Nowhere in said record can we find that any accounting has ever been filed as to the tutorship.
The defendant-appellant, Mrs. Dorothy Baker-Branch, cites to this court the case of Magee v. Gatlin, 51 So.2d 154, La.App. 1st Cir. (1951), for the proposition that the surviving spouse cannot be made to account to the forced heirs for their share of particular items of property subject to the usufruct. In Magee v. Gatlin, supra, the plaintiff was seeking a money judgment against the usufructuary and surviving widow, and in the alternative, that the usu-fructuary and surviving widow “be required to account for and pay over to petitioner one-fourth (i/jth) of the amount received by said defendant for said property” which had been sold. There was no mention of a tutorship in the Magee case, supra.
*125 LSA-C.C.P. Art. 4392 provides:
“A tutor may file a final account at any time after expiration of the tutorship.
The court shall order the filing of a final account upon the application of the former minor after the expiration of the tutorship, or upon the rendition of a judgment ordering the removal of a tutor or authorizing his resignation.” (emphasis added)
LSA-C.C. Art. 249 provides:
“For every sort of tutorship, the tutor is accountable.”
LSA-C.C. Art. 381 provides:
“The minor, emancipated by marriage, may demand an account from his tutor and a settlement of the tutorship. The tutor is bound to pay him the balance as obtained to be due, and to deliver the property in his hands belonging to such minor.”
The case of Angelloz v. Angelloz, 204 La. 988, 16 So.2d 654, (1944), stands for the proposition that “the natural tutor is required to render an annual accounting to the minor or minors of his administration.”
With the above provisions of the law and jurisprudence the Trial Court very aptly and correctly stated this matter as follows:
“There is no provision in the law for requiring an accounting by a usufructuary other than a suit to terminate the usu-fruct for waste and abuse. The court is of the opinion that where the usufructu-ary is also a tutrix the articles relating to both must be construed together. This leads to the conclusion that under article 4392 of the Code of Civil Procedure the Tutrix who is also the usufruc-tuary is required to give an accounting to the former minor. However, the former minor has no recourse from the accounting while the property is subject to a usufruct other than to bring a proceeding to terminate the usufruct if adequate legal grounds exist for such. In other words the accounting required in this situation does not entail a distribution of the property subject to the usu-fruct.
As to the separate property which is not subject to a usufruct there is no question that the tutrix is required to make a final accounting in order to terminate the tutorship.”
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed, all costs of this appeal are to be paid by the defendant-appellant.
Judgment affirmed.