# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-CA-01065-SCT

*IN THE MATTER OF THE LAST WILL AND*
*TESTAMENT OF WILLIAM HARRY FANKBONER,*
*DECEASED: JOSEPH PALLATIN*

*v.*

*KANDY JONES, EXECUTRIX OF THE ESTATE OF*
*WILLIAM HARRY FANKBONER, AND EZEKIEL*
*JONES, A MINOR*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/11/95 |
| TRIAL JUDGE: | HON. WILLIAM L. STEWART |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL W. CROSBY |
| ATTORNEYS FOR APPELLEES: | WAYNE L. HENGEN |
| | W. EUGENE HENRY |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS AND ESTATES |
| DISPOSITION: | REVERSED AND RENDERED - 9/25/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/16/97 |

**BEFORE DAN LEE, C.J., McRAE AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

Joseph Pallatin prays for relief from the judgment of the Chancery Court of Harrison County wherein the chancellor, on remand from this Court in *Matter of the Will of Fankboner*, 638 So. 2d 493 (Miss. 1994), found that he was liable for one-half of the attorney's fees spent in reference to the determination of the validity and construction of competing wills. Pallatin's argument is that the only reason that the chancellor ordered him to pay one-half of the attorney's fees is that one-half of the proceeds of the validated will were to inure to the benefit of a minor. This Court finds that while the award of attorney's fees is ordinarily within the discretion of the chancellor, the holding of *Clarksdale Hospital v. Wallis,* 187 Miss. 834, 193 So. 627 (1940) would militate that since the

money expended by the Appellant was for his individual benefit, then he is individually responsible for all of the payment of attorney's fees and cannot deduct them from the estate in question.

## FACTS

Joseph Pallatin appealed the finding of the Chancery Court of the Second Judicial District of Harrison County that Kandy Jones, Appellee herein, did not unduly influence the testator, William Fankboner, deceased, to change his will. This Court affirmed in part, and reversed in part, remanding to the chancery court for a determination of whether Joseph should be required to reimburse money spent from the estate account without authorization to pay that money. *Fankboner,* 638 So. 2d 493, 497-98.

The chancellor determined that Pallatin had entered into the proceedings to determine the validity of the will as an individual, and not as the executor of the estate. The court ordered Pallatin to reimburse the estate $4,123.92, one-half of the amount that he had expended without court authority, with the money going specifically to the estate of Ezekiel Jones, a minor and beneficiary of the estate. Aggrieved, Pallatin appeals.

## STANDARD OF REVIEW

This Court generally will affirm a trial court sitting without a jury on a question of fact unless, based on substantial evidence, the trial court was manifestly wrong. *In the Matter of the Estate of Taylor*, 609 So. 2d 390, 393 (Miss. 1992).

## DISCUSSION OF LAW

**WHETHER THE COURT ERRED IN FINDING THAT CERTAIN ESTATE FUNDS EXPENDED BY THE APPELLANT WERE NOT REASONABLE AND NECESSARY AND THAT HE MUST THEREFORE REIMBURSE THE ESTATE FOR THE SAME.**

Miss.Code Ann. § 91-7-281 (1972) states:

> In annual and final settlements, the executor, administrator or guardian shall be entitled to credit for such reasonable sums as he may have paid for the services of an attorney in the management or in behalf of the estate, if the court be of the opinion that the services were proper and rendered in good faith.

Rule 6.07 of the of the Uniform Chancery Court Rules provides that "claims arising after the death of a decedent, such as funeral bills, expenditures for monuments, attorney's fees, and the like must be approved by the chancellor before payment. Otherwise, payment thereof will be at the risk of subsequent disapproval by the chancellor as to the propriety or reasonableness thereof." Miss.Unif.Chan.Ct.R. 6.07; *Fankboner* at 497.

It is undisputed that Pallatin did not seek court approval before expending estate funds of $8,305.44 to contest the validity of the will which was eventually probated by the chancery court. However, Pallatin's argument is that if it were reasonable to spend one half of the money he expended on attorney's fees, then logically it is reasonable to expend the other half of the money on attorney's fees regardless of whether that money would go to the estate of a minor. Jones, on the other hand, argues

that since Pallatin's act of expending the funds was without the authority of the chancellor, as is legally required, then the chancellor's order to pay back one-half of the money was entrusted to the chancellor's sound discretion.

Both the appellant and the appellee, as well as the chancellor, ignore the fact that, after examining the relevant court documents in the case, the chancellor found that Pallatin had challenged the validity of the will as an individual, not as the executor of the estate. The statute gives authority only to executors, administrators and guardians, of which Pallatin was none. Under the will, Kandy Jones was the executrix. Since Pallatin acted as an individual legatee under an earlier will which he unsuccessfully sought to propound, then he had no authority to expend estate funds at all to challenge the later will, except as executor of the earlier will.

In *Clarksdale Hospital v. Wallis*, 187 Miss. 834, 843, 193 So. 627, 628 (1940), this Court held that attorney's fees are the personal obligation of the executor, although they may be reimbursed from the estate if the chancellor be of the opinion that the expenditures were necessary and rendered in good faith. *Id.*; *Fankboner* at 497. Although the chancellor specifically found that there was no bad faith in the expenditure of attorney's fees to determine the validity of the will, it found that the part expended for the child without authorization of the court to be the responsibility of the person expending the money, that person being Pallatin.

In *Clarksdale Hospital*, the executor of an estate contested a devise to the Hospital of $30,000. The hospital won the dispute, but expended $3,000 in attorney's fees defending itself against the suit, the expenditure of which this Court found to be reasonable and necessary. The hospital then sought to be reimbursed for its expenditures from the entire estate. The chancellor disallowed that claim. In affirming the chancellor, this Court stated that "Where the services were rendered for the sole benefit of the individual, or group of individuals, interested in the estate, as against the others interested, such an allowance is unauthorized. . . . Putting it differently, the position of the hospital is that it has the right to make its unsuccessful adversaries pay the attorney's fee incurred by it in bringing about their defeat. That would be in the nature of punitive damages, which is not allowable in a litigation of this character." *Clarksdale Hospital v. Wallis*, 187 Miss. at 843, 193 So. at 628.

If the Court did not allow the hospital, which was successful in its individual claim against an executor, to be reimbursed its attorney's fees out of the estate, then it does not comport with logic that Pallatin's unsuccessful claim against the executor should punish the estate to the extent of one-half, or any other amount, of his expenditures in bringing this suit.

## CONCLUSION

This Court finds that the chancellor was erroneous as a matter of law in allowing as a reasonable expenditure one-half of the attorney's fees of the appellant where the court found that he acted in an individual capacity. Instead, the appellant should be made to bear the entire expense of bringing his unsuccessful suit.

**REVERSED AND RENDERED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS**

**AND MILLS, JJ., CONCUR.**